IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIDNEY WHITE-WAGNER,

    Plaintiff,

v.                                                           CIV 05-0474 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      This is a social security appeal and the matter is before me on Plaintiff Sidney White-Wagner's motion for reversal and an immediate award of benefits or for a remand. She raises two grounds for relief. *See Docs. 11, 12.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3, 8.*

      If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and Plaintiff is not entitled to relief. *E.g., Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005); *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005); *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart,* 365 F.3d 1208, 1214 (10th Cir. 2004). My assessment is based on a "meticulous" review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Grogan,* 399 F.3d at 1262; *Langley,* 373 F.3d at 1118; *Hamlin,* 365 F.3d at 1214.

      Although the entire record has been read and carefully considered, I find it unnecessary to

discuss the voluminous medical evidence or the lengthy procedural history of Plaintiff's prior applications for workers compensation and social security benefits in California. Rather, I agree with Plaintiff that Administrative Law Judge ("ALJ") Kathleen H. Switzer erred when she failed to consider a "borderline age situation."

Plaintiff was born on June 16, 1952. *See, e.g., Administrative Record* at 58, 275. She alleges onset of disability occurred on the last day she worked – October 14, 1996, when she was forty-four years old. *See id.* at 26, 58, 63, 275, 301. ALJ Switzer concluded that Plaintiff was not disabled on or before her forty-ninth birthday because Plaintiff had the residual functional capacity to perform a limited range of sedentary work, and a vocational expert identified one job she could perform -- surveillance system monitor. Without further explanation, ALJ Switzer also concluded that Plaintiff then became "disabled" as of her fiftieth birthday because on that date she met Medical-Vocational Guideline or "Grid" 201.14.

As it turned out, the last date Plaintiff was insured for Disability Income Benefits under Title II was December 31, 2001. As of that "last insured" date, Plaintiff was forty-nine and some six months shy of turning fifty – precisely five months, two weeks, and two days, by my calculations. Because the "last insured" date fell before Plaintiff's fiftieth birthday, under ALJ Switzer's decision Plaintiff can only receive Supplemental Security Income benefits under Title XVI. *See id.* at 26, 30-31; *see also Doc. 12* at 4-5 & n.12.

Plaintiff asserts that '[t]his is a significant difference, as [disability] typically is a larger benefit." *Doc. 12* at 4-5. She further maintains that because she was within six months of her fiftieth birthday on the date of her last insured status, that ALJ Switzer should have performed a "borderline age analysis." *Id.* at 4. I agree.

2

The only situation in which a "younger" claimant, defined as ages forty-five to forty-nine, who can do sedentary work will be considered disabled under the Grids is if that person is "illiterate or unable to communicate in English" and has either no previous work experience or unskilled previous work experience.  *See* 20 C.F.R., Subpt. P, App. 2, § 201.17.  As long as a "younger" sedentary claimant has a limited ability to communicate in English, he or she is not considered disabled.  *See id.* §§ 201.18-201.22.  Thus, until Plaintiff turned fifty, there was no chance that she would be considered disabled under the Grids.

A "borderline situation" exists when a claimant's age is within a "few days or a few months" of the next higher Grid category.  *See, e.g., Daniels v. Apfel,* 154 F.3d 1129, 1133 (10th Cir. 1998); *Russell v. Commissioner of Social Security,* 20 F. Supp. 2d 1133, 1134-35 (W.D. Mich. 1998).  Where, as here, the "disability must be shown by expiration of insured status . . . the last day of [Plaintiff's] insured status (December 31, [2001]) is the appropriate date for determining applicability of the grids."  *Daniels,* 154 F.3d 1132, n.4.[1]

Claimants who are seven months or more from the next age category have been held to not present a "borderline situation."  *See, e.g., Barrett v. Apfel,* 40 F. Supp. 2d 31, 39 (D. Mass. 1999) (and comprehensive collection of cases cited therein).  On the other hand, an old Appeals Council interpretation stated that six months presents a borderline situation.  *E.g., id.* (citing *Russell,* 20 F. Supp. 2d at 1135, which in turn quotes Appeal Council Interpretation II-5-203,

---

[1] If the date of insured status is not at issue, the date of the ALJ's opinion is the relevant date from which to determine the claimant's age. *E.g., Baker v. Chater,* 1995 WL 656987 at *2 (10th Cir. 1995) (unpublished) ("Where, as here, the claimant continues to meet applicable earnings requirements, his age on the date of the final decision governs the question of disability.") (and cases cited therein including *Verley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780-81 (6th Cir. 1987) and *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir. 1993)).

effective 1979).

The Tenth Circuit has also stated that if a claimant is "within six months of the next age category," an ALJ "err[s] by not addressing whether plaintiff was of borderline age before choosing a rule from the grids." *Cox v. Apfel,* 1998 WL 864118 at *4 (10th Cir. 1998). In addition, other courts have held that six months constitutes a borderline situation. *See, e.g., Smith v. Barnhart,* 2002 WL 126107 (N.D. Ill. 2002) ("The regulations refer to a claimant being 'within a few days to a few months' of the older age category, but the cases tend to treat claimants who are within six months of 50 years old as presenting borderline cases.") (and cases cited therein including *Roush v. Heckler,* 632 F. Supp. 710 (S.D. Ohio 1984) (6 months presents a borderline situation) and *Freundt v. Massanari,* 2001 WL 1356146 at *19 (N.D. Ill. 2001) ("The fact that Plaintiff is six months and 12 days short of the next age category cannot justify the ALJ's failure even to consider the issue.")).

Here, the relevant date is the date of last insured, and as of that date, Plaintiff was within six months of turning fifty. However, ALJ Switzer neither mentions nor discusses the borderline issue at all. It is inappropriate under these circumstances for the Court to decide the issue, much less immediately award Plaintiff benefits based on a determination of the issue in her favor. Instead, the determination of (1) whether an claimant presents a borderline situation at all and, if so, (2) whether the higher or lower age category should apply to that particular claimant, are factual decisions the ALJ must undertake in the first instance. Thus, a remand is the proper relief for the "borderline situation error" here. *E.g., Daniels,* 154 F.3d at 1133 n.5, 1136; *compare Cox,* 1998 WL 864118 at *4 (after indicating that ALJ erred in not addressing borderline age issue, also noting "[s]ubsequent events obviate the need for the ALJ to address this precise issue

on remand, however.  Plaintiff attained the age of fifty-five shortly after the ALJ's decision and before his insured status expired.").

The second issue Plaintiff raises is the ALJ's reliance on the one job the vocational expert identified as available given Plaintiff's limitations.  Plaintiff asks the Court to find that this job is not available and to immediately award her benefits.  The borderline age issue is dispositive of a remand, however.  If under the borderline situation, Plaintiff should be considered disabled under the Grids on remand, then this issue is mooted entirely.  Accordingly, I will not address it at this juncture.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 11)* is GRANTED IN PART, and the matter is remanded to the Commissioner for further proceedings.  A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.